**Ali Susanto HIBONO; Jessica Silvianty Miske Abas, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–74486.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Ray Hellwig, Esq., Law Offices of Ray Hellwig, Alhambra, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ali Susanto Hibono and his wife, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The record does not compel the conclusion that the changed circumstances exception excused the untimely filing of Hibono's asylum application. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam). In addition, Hibono waived his due process and equal protection contentions regarding the IJ's timeliness determination by failing to support them with argument in his opening brief.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (declining to consider issues mentioned but not otherwise argued).

Substantial evidence supports the agency's determination that Hibono did not establish a clear probability of future persecution because Hibono failed to demonstrate harm rising to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies in the context of withholding of removal, substantial evidence supports the agency's determination that Hibono failed to demonstrate that it was more likely than not he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Additionally, the record does not compel the conclusion that the ethnic and religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Hibono has waived any challenge to the agency's determination that he did not establish eligibility for protection under CAT. *See Martinez–Serrano*, 94 F.3d at 1259.

**PETITION FOR REVIEW DENIED.**